RAMIRO MORALES, Bar #7101
MARC DEREWETZKY, Bar # 6619
MORALES FIERRO & REEVES
600 South Tonopah Drive, Suite 300
Las Vegas, NV 89106
E-mail:  rmorales@mfrlegal.com
Email:  mderewetzky@mfrlegal.com
Telephone:  (702) 699-7822
Facsimile:   (702) 699-9455

Attorneys for Plaintiff,
THE MASSACHUSETTS BAY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES** |

Plaintiff The Massachusetts Bay Insurance Company ("Massachusetts" or "Plaintiff") alleges as follows:

**JURISDICTION**

1.　Jurisdiction is proper in this Court under federal diversity jurisdiction, 28 U.S.C. § 1332.  The parties are completely diverse in citizenship and the amount in controversy exceeds the statutory minimum of $75,000.

**PARTIES**

2.　At all times relevant herein, Plaintiff was and is an insurance company, engaged in the business of issuing commercial general liability insurance policies, domiciled and incorporated in the State of Massachusetts and thus a citizen of Massachusetts for purposes of jurisdiction.

3.　At all times relevant herein, Defendant National Union Fire Insurance Company of Pittsburgh PA ("National Union" or "Defendant") was and is an insurance company domiciled in

the State of New York and incorporated in the State of Delaware, and thus a citizen of those states for purposes of jurisdiction.

**VENUE**

4. Venue in this Court is proper because a part of the events which are the subject and nexus of the claims asserted herein concerns an underlying litigation in Clark County, Nevada, regarding an alleged wrongful death arising out of alleged product defects, resulting in damages to the estate of a deceased resident of Clark County, Nevada. Additionally, the alleged acts and/or omissions covered by the insurance contracts at issue herein took place in this judicial district.

**GENERAL ALLEGATIONS**

5. Plaintiff issued insurance policies, including but not limited to policy number ZDR8166640-07, (effective July 15, 2013 to July 15, 2014) affording liability insurance to the following named insured: FirstStreet for Boomers and Beyond, Inc. ("FirstStreet"). FirstStreet is a retailer of products intended to improve the quality of life of seniors, including bath products and appliances.

6. Defendant issued insurance policy number GL 509-47-59, effective May 31, 2013 to May 31, 2014 ("the AIG Policy") affording liability insurance to the following named insured: Jacuzzi Brands LLC ("Jacuzzi"). Jacuzzi is a well-known manufacturer of various types of whirlpools and tubs.

7. Jacuzzi entered into a Manufacturing Agreement with FirstStreet effective October 1, 2011 ("the Agreement"). The purpose of the Agreement was for Jacuzzi to manufacture certain walk-in tubs and related bath products to be distributed by FirstStreet and its dealers.

8. Section 9 of the Agreement, titled "Insurance", obligates Jacuzzi to "provide FirstStreet with a certificate of insurance evidencing (i) the name of the insurance company; (ii) the policy number; (iii) at least $2,000,000 of general liability (including product liability) coverage; (iv) inclusion of FS [FirstStreet] as an "Additional Insured"; (v) a policy endorsement including contractual liability coverage for indemnification provided above (if so requested by FS); and (vi) that [FirstStreet] will receive at least thirty (30) days prior written notice of any cancellation or non-renewal of coverage."

9. Pursuant to Section 9 of the Agreement, FirstStreet was included under the AIG Policy as an Additional Insured. Pursuant to the terms of the AIG Policy, Defendant agreed to defend and indemnify any insureds for damages because of "bodily injury" caused by an "occurrence" in which the injuries occurred during the policy period and for which coverage was not otherwise excluded. Defendant also agreed pursuant to the terms of the AIG Policy to defend any insureds in connection with any suits for which a potential for coverage existed.

10. FirstStreet and Jacuzzi were named as defendants or cross-defendants in an action filed in this County, styled *Robert Ansara, as Special Administrator of the Estate of Sherry Lynn Cunnison, et al. v. FirstStreet for Boomers and Beyond, Inc., et al.*, Clark County District Court Case No. A-16-731244-C (the "Underlying Action").

11. The Underlying Action concerned a wrongful death caused by alleged product defects relating to a Jacuzzi-manufactured walk-in tub, within which, on or about February 19, 2014, the deceased was trapped for 48 hours, resulting in fatal injuries including dehydration.

12. In the Underlying Action, claims were asserted against FirstStreet for "bodily injury" caused by an "occurrence," on or about February 19, 2014, which is within the effective period of the AIG Policy.

13. Pursuant to the terms of the AIG Policy and the Agreement, FirstStreet qualified as an additional insured under the AIG Policy.

14. A potential for coverage under the AIG Policy existed for the claims for bodily injury asserted in the Underlying Action against FirstStreet.

15. On information and belief, the Underlying Action was tendered by or on behalf of FirstStreet to National Union, American Insurance Group ("AIG"), or any of them. On information and belief, Defendant denied these tenders and failed to provide a defense to FirstStreet in connection with the Underlying Action. On information and belief, Defendant has incorrectly claimed that its improper denial of FirstStreet's tender should not be adjudicated or otherwise resolved until the Underlying Action concludes.

16. Plaintiff also received a tender of the Underlying Action from FirstStreet. In response, Plaintiff agreed to provide a defense to FirstStreet in connection with the Underlying

Action, subject to a reservation of rights.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**

17. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though such allegations are set forth herein.

18. Plaintiff contends that, pursuant to the terms, exclusions, and endorsements of the AIG Policy, as well as equitable principles, that Defendant had, and continues to have, a duty to defend against claims asserted against FirstStreet in the Underlying Action. Defendant has improperly denied its defense and indemnity obligations to FirstStreet and, therefore, has not contributed its full and equitable share of the cost to defend FirstStreet in the Underlying Action.

19. Plaintiff is informed and believes, and therefore alleges, that Defendant denies that it has or had a duty to defend FirstStreet in the Underlying Matter. As such, Defendant has failed to contribute to the defense of FirstStreet in the Underlying Matter.

20. By reason of the foregoing, an actual, present and justiciable controversy exists between the parties which requires a declaratory judgment of this Court in substantially the following form: Defendant owes or owed a duty to contribute to the defense of FirstStreet in the Underlying Action, and must therefore contribute toward the attorneys' fees and costs that Plaintiff incurred in connection with providing a defense to FirstStreet in the Underlying Action.

21. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under the AIG Policy.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**EQUITABLE CONTRIBUTION**

22. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though such allegations are set forth herein.

23. Defendant has an obligation to contribute, on an equitable basis, towards all fees, expenses and costs Plaintiff has incurred to defend FirstStreet in the Underlying Action.

///

4
COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES

24. In providing a defense to FirstStreet in the Underlying Action, without contribution from Defendant, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in excess of its equitable share.

25. Defendant has failed to contribute its fair and equitable share towards fees and costs that have been, and continue to be, incurred in defending FirstStreet in the Underlying Action. The amount due from Defendant for its fair and equitable share of attorneys' fees and costs will be according to proof at trial.

26. Defendant is obligated under the principals of equity to reimburse Plaintiff for the fees and costs that it has inequitably incurred in defending FirstStreet in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### THIRD CAUSE OF ACTION
### EQUITABLE INDEMNITY

27. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though such allegations are set forth herein.

28. Defendant has not paid its equitable share of the fees, costs, and expenses incurred to defend FirstStreet in the Underlying Action.

29. Plaintiff is entitled to reimbursement from Defendant of all sums Plaintiff has paid in excess of its equitable share in connection with FirstStreet's defense in the Underlying Action.

30. Defendant is obligated under the principles of equity to indemnify Plaintiff for the fees and costs that it has inequitably incurred in defending FirstStreet in the Underlying Action.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### SUBROGATION

31. Plaintiff incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as though such allegations are set forth herein.

32. Pursuant to the terms, conditions, exclusions, and endorsements of the AIG Policy, Defendant had and has a duty to defend FirstStreet in the Underlying Action.

///

33. Defendant has not paid its equitable share of defense expenses in connection with the Underlying Action. Therefore, Defendant owes amounts reimbursing Plaintiff for the fees and costs it has incurred and continues to incur in the defense of FirstStreet in the Underlying Action.

34. Defendant breached its duty to defend FirstStreet by failing to contribute to FirstStreet's defense fees and costs in the Underlying Action.

35. As a result of Plaintiff's payment of attorneys' fees and costs in the Underlying Action, Plaintiff has the equitable right of subrogation and/or reimbursement from Defendant.

36. As a result of Defendant's breach of its equitable and legal duties, Plaintiff has sustained injury in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## **PRAYER FOR RELIEF**

AS TO THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:

1. For a declaration and determination that National Union owes or owed a duty to reimburse Plaintiff for defense fees and costs incurred on behalf of FirstStreet in connection with the Underlying Action; and

2. For a declaration and determination as to the amount that Defendant must pay to satisfy its obligations;

3. For monetary damages according to proof at trial;

4. For interest;

5. For all other relief the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

AS TO ALL CAUSES OF ACTION:

1. For monetary damages according to proof at trial;

2. For attorneys' fees;

3. For interest;

4. For all other relief as the Court deems just and proper.

DATED:  February 20, 2019            MORALES, FIERRO & REEVES


                                              BY:    */s/ Marc Derewetzky*
                                                        RAMIRO MORALES
                                                        MARC DEREWETZKY
                                                        Attorneys for Plaintiff, THE MASSACHUSETTS BAY INSURANCE COMPANY

COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES